UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONNA ELAINE TUPPER,<br>Plaintiff,<br>v.<br>COMMISSIONER OF SOCIAL SECURITY ,<br>Defendant. | Case No. 2:26-cv-01488-TLF<br><br>ORDER GRANTING MOTION TO DISMISS |

…

This matter comes before the Court on defendant's motion to dismiss plaintiff's complaint seeking review of the Commissioner's denial of her applications for disability insurance benefits and supplemental security income. Dkt. 11. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13; Dkt. 8.

For the reasons set forth below, the Court GRANTS defendant's motion to dismiss.

## BACKGROUND

On May 1, 2026, plaintiff filed a motion to proceed *In forma pauperis* (IFP) and a proposed complaint against the Commissioner of Social Security alleging that she was wrongfully denied supplemental security income ("SSI") and disability insurance benefits

("DIB"). Dkt 1. Plaintiff was granted IFP and her complaint was served on defendant. Dkts. 5, 10.

Plaintiff, proceeding *pro se*, marked the checkboxes in her complaint form that the Commissioner erred in denying her application for SSI and terminating her DIB payments. Dkt 7 at 2. The complaint states, in plaintiff's handwriting, "review whole case to get my SSA from when approved 2014-2015…no backpay 9 yrs 2004-2014-2015, plaintiff SSA first check 2020…someone appealed…file approved…I didn't appeal." *Id*. Attached to her complaint is an order showing an administrative law judge (ALJ) denied her SSI application in 2015. *Id*. at 7-22.

On July 1, 2026, the Commissioner filled a (12)(b)(6) motion to dismiss based on plaintiff's failure to state a claim under the requirements of 42 U.S.C. § 405(g). Dkt. 11. Plaintiff filed a response on July 29, 2026, requesting the Court deny the motion because she is seeking social security benefits and backpay that she alleges she is owed, specifically claims from 2004 to 2014, citing a 2014 opinion of the Honorable Brian A. Tsuchida, which remanded her case for further administrative proceedings. Dkt. 12; *See* Order Reversing and Remanding, *Tupper v. Colvin*, No. 2:13-cv-01572-BAT (W.D. Wash. 2014), Dkt. 24. She alleges that her case hit the statute of limitation, and she wants to move forward with her case so her situation can be properly reviewed and resolved. Dkt. 12 at 2.

## DISCUSSION

The Court's review of a motion to dismiss under Federal Rule of Civil Procedure (Fed. R. Civ. P.) 12(b)(6) is limited to the complaint and documents incorporated into the complaint by reference. *Khoja v. Orexigen Therapeutics Inc.*, 899 F.3d 988, 998 (9th

Cir. 2018); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). A motion to dismiss may be granted only if plaintiff's complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

While the Court must accept all the allegations contained in the complaint as true, the Court does not accept as true a "legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Jones v. Community Dev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570. A

claim for relief is facially plausible when “the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.” *Id*.

42 U.S.C. § 405(g) of the Social Security Act provides that any individual may bring a civil action for judicial review after a “final decision” of the Commissioner of Social Security. “ For this Court to have jurisdiction under this Act, plaintiff must establish that a “final decision” has been rendered by exhausting the administrative remedies afforded to them under the administration scheme of the SSA. *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975).

A “final decision” consists of two elements: first, a non-waivable element that requires a claim for benefits be presented to the SSA; and second, a waivable requirement that the “administrative remedies prescribed by the Secretary be exhausted.” *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976). The four steps that an applicant must follow as prescribed by the SSA are as follows: (1) seek an initial determination regarding eligibility for benefits, (2) seek reconsideration of that decision, (3) request a hearing before an administrative law judge, (4) request for the Appeals Council to review that decision. 20 C.F.R. §§ 416.1400, 404.900. When the Appeals Council denies review of the ALJ’s decision or issues its own decision, the claimant has a final decision that may be appealed in a Federal district court. 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5).

Plaintiff’s complaint does not allege facts sufficient to state a claim for relief under the jurisdictional requirements of the Social Security Act. She does not identify what final decision is at issue. Even viewing her claim in the light most favorable to her, it is

not apparent "what decision she is appealing, whether she has a final decision that this Court may review, or what relief she is seeking from this Court." Dkt. 11 at 3. She does not state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, Commissioner's motion (Dkt. 11) is GRANTED. Accordingly, plaintiff's claims are dismissed without prejudice.

Dated this 13th day of August, 2026.

Theresa L. Fricke
United States Magistrate Judge